UNITED STATES OF AMERICA,

vs.

JEAN ROBERT MARIO LAZARRE,
Defendant.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on Lazarre's *pro se* Motion for Reconsideration [DE-1083] and Supplement [DE 1086] of the Court's Order Denying a Sentence Reduction. The Court denied Lazarre's Motion for Sentence Reduction ("782 Motion") after finding that "the original sentence remains just and, in fact, generous in light of Lazarre's flight and role as a supplier, as well as other pertinent § 3553(a) factors, including the Court's desire to avoid exacerbating remaining sentencing disparities between similarly-situated co-defendants." [DE 1082.] Lazarre sought to have his 782 Motion reconsidered, claiming that he did not receive the Government's Response. The Court allowed Lazarre to supplement the instant Motion with "any argument or evidence in reply to the Government's response that may satisfy the standard for reconsideration." [DE 1084.] The Court has had the opportunity to review the Motion, the Supplement and the record. While the Court appreciates the effort put into preparing the supplement and recognizes the steps Lazarre has taken to change his life, he has not shown any manifest injustice or errors of law to warrant reconsideration.

There are three grounds for reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). A motion for reconsideration should not present claims available at the time of the first decision or reiterate

those previously made. *Id.* Rather, the purpose of such a motion is to correct manifest errors of law or fact or to present newly discovered evidence. *Id.*

The Government opposed the reduction because (1) Lazarre "reneged" his acceptance of responsibility by filing a 28 U.S.C § 2255 petition; (2) a reduction would increase the disparity between the sentences of his co-conspirators; and (3) his current sentence is consistent with the § 3553 sentencing factors. [DE 1081.] Lazarre's Supplement responds to each of these assertions. Specifically, Lazarre attempts to explain why he chose to file a § 2255 petition. However, his reasons for filing a § 2255 do not address the issue—whether the Court's factual or legal analysis in denying a further sentence reduction was clearly erroneous or manifestly unjust. Lazarre also argues that his co-conspirators' sentences are irrelevant. The Court disagrees. 18 U.S.C. § 3553(a)(6) permits the Court to consider the sentences of similarly-situated co-defendants. Finally, Lazarre generally contends that the § 3553 sentencing factors weigh in favor of a reduction. Such a general claim however does not persuade the Court that the original sentence was otherwise unjust. Because Lazarre has not met the standard for reconsideration, his Motion is denied.

Accordingly, it is hereby

ORDERED that

Lazarre's motion for reconsideration [DE 1083] is **DENIED**.

DONE AND ORDERED in Miami, Florida, this _10_ day of May, 2017.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   Counsel of Record;
      Jean Robert Mario Lazarre, *pro se*

2